| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Terrence Burks, §
§
　　　　Plaintiff, §
§
versus §　　Civil Action H-20-3882
§
Montgomery County, et al., §
§
　　　　Defendants. §

## Opinion on Partial Dismissal

1. *Background.*

On January 6, 2019, Terrence Burks was at home with his girlfriend, Alicia Gonzalez, when his wife arrived and began pounding at the door. Gonzalez called 9-1-1, told the dispatcher that she feared for her life, and said that officers could enter the house through the open back door.

When Deputies M. Jones and Clifford Wood arrived, they told Burks to step outside. He refused. Jones and Wood entered through the open back door and searched the house. Burks locked himself in the bedroom. He was arrested and spent the night in jail.

After the charges were dismissed, Burks filed a complaint with the Montgomery County Sheriff's Office. Lieutenant Michael Landrum reviewed the complaint and found no wrongdoing, citing standard operating procedures 2.36 and 2.03.

Burks sued Montgomery County for: (a) false arrest and malicious prosecution, (b) failure to train, and (c) violations of the Equal Protection Clause. Montgomery County has moved to dismiss this case, arguing that Burks has pleaded no facts to support municipal liability.

Montgomery County will prevail.

2. *Municipal Liability.*

   A. *Policy.*

   To establish municipal liability, Burks must plead facts to support a policy that has been officially adopted or promulgated.[1] This policy must be the "moving force" of the constitutional violation.

   Burks argues that standard operating procedures 2.36 and 2.03 – cited in the review of Burks's complaint – are unconstitutional. He says that these procedures allow officers to enter homes without a warrant when there is no probable cause to conduct a search. More specifically, he says that procedure 2.03 is unconstitutional because it requires officers to "separate quarreling parties if deemed necessary by the investigating deputy." The procedure should instead require separation if "allowed by the law," according to Burks.

   Burks has misrepresented the procedures, and he has pleaded no facts to support that they were the "moving force" of his arrest. Rather than permitting warrant-less searches, procedure 2.36 requires officers to contact all people at the scene to ensure that everyone is safe. This is not unconstitutional, and it is not relevant to Burks's arrest.

   Procedure 2.03 is also neither unconstitutional nor relevant. Burks was arrested because he prevented Jones and Wood from locating Gonzalez – who had called 9-1-1 "fearing for her life" – by locking her in the bedroom with him. He was not arrested for quarreling, the subject of procedure 2.03.

   B. *Pattern or Practice.*

   Burks can also establish municipal liability by pleadings facts to support an unconstitutional pattern or practice that is a pervasive, longstanding custom with the force of law. It does not need to be officially adopted, but policymakers must have actual or constructive knowledge of the pattern or practice. This can

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

be shown through discussions at council meetings, prolonged public discussion, or a high degree of publicity.

Burks says that Montgomery County has a pattern or practice of criminally prosecuting innocent persons "on the basis of their ethnic heritage" and refusing to consider exculpatory evidence in criminal prosecutions. He also says that Montgomery County does not "meaningfully" investigate facts told to 9-1-1 dispatchers during domestic violence calls. According to Burks, "scores" of African-American men have suffered because of these practices.

A pattern or practice must be proven with similarity and specificity, not simply with bad acts. Burks offers no facts to support his claim. He refers to scores of African-American men who have been affected, but he does not point to similar, specific examples of an unconstitutional pattern or practice in Montgomery County. In fact, he points to no examples at all.

4. *Failure to Train.*

To establish that Montgomery County did not supervise or train its officers, Burks must show: (a) inadequate training procedures that caused the constitutional violation and (b) the deliberate indifference of Montgomery County.[2] He must plead facts to suggest that additional training would have avoided the incident and proving deliberate indifference requires a statistically sound number of similar, specific examples.

Burks says that Wood and Jones did not conduct a "meaningful" investigation to determine whether he was the suspect; this demonstrated deliberate indifference to his constitutional right to be free from unlawful arrest. He says he would not have been arrested if Wood and Jones had approached his wife, secured the scene, and left.

Burks has pleaded no fact to show that additional training would have avoided the incident. He was arrested because Burks prevented Jones and Wood

---

[2] *Pineda v. City of Houston*, 291 F.3d 325, 331–32 (5th Cir. 2002).

from locating Gonzalez by locking her in the bedroom with him. Jones and Wood were trying to contact all people at the scene to ensure that everyone is safe.

He has pleaded no similar, specific examples to show that Montgomery County was deliberately indifferent to the alleged constitutional violation. Burks says that Montgomery County has not: (a) trained officers on the proper use of force, (b) investigated allegations of false arrest and improper police techniques, (c) disciplined policy violations related to lineup procedures, or (d) investigated witnesses at the scene with pertinent testimony. These allegations are irrelevant because police lineup procedures and use of force are not at issue in this case.

5. *Conclusion.*

The policy, pattern and practice, and failure to train claims by Terrence Burks against Montgomery County will be dismissed.

Signed on July 8, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge